UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAMON ALEJANDRO RIVERA DIAZ,<br><br>Petitioner,<br>v.<br><br>MARKWAYNE MULLIN, *et al.*,<br><br>Respondents. | CASE NO. 2:26-cv-02351-GJL<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Ramon Alejandro Rivera Diaz ("Petitioner") is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1. On July 6, 2026, Petitioner, through counsel, filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking immediate release from immigration detention or, in the alternative, an individualized bond hearing before an immigration judge. *Id.* Respondents to the Petition include Markwayne Mullin (Secretary of the Department of Homeland Security ("DHS")), Todd Blanche (Acting U.S. Attorney General), David Venturella (Acting Director, ICE), Laura Hermosillo (Acting Field Office Director for

ICE's Seattle Field Office), and Bruce Scott (Warden of the NWIPC). Respondents have filed a Notice informing the Court they will not be filing a return. Dkt. 5.

Having considered the parties' submissions, the balance of the record, and the governing law, the Court **GRANTS** the Petition and **ORDERS** Petitioner's immediate release and permanent injunctive relief as set forth below.[1]

## I. BACKGROUND

Petitioner, a citizen of Honduras, entered the United States without lawful status on December 6, 2018, as an unaccompanied minor. Dkt. 1 ¶¶ 25–26. He was apprehended by immigration officials, served with a Notice to Appear charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), and released from federal custody on January 25, 2019, to a sponsor in the United States. *Id*. ¶¶ 28–30.

Following his release, Petitioner filed a timely application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *Id*. ¶ 32. On November 29, 2022, an immigration judge ("IJ") issued an order of removal for Petitioner. *Id*. ¶ 34. Petitioner timely appealed that order to the Board of Immigration Appeals ("BIA"). *Id*. The appeal remains pending, and Petitioner continues to diligently pursue his immigration case, as well as other forms of immigration relief. *Id*.

Also since his release, Petitioner has established a stable life in the community for over seven years without any criminal arrests or convictions and is father to a young U.S. citizen child. *Id*. ¶¶ 35–40. However, Petitioner was recently arrested by immigration officials and transported to NWIPC, where he remains detained. *Id*. ¶¶ 41, 44. He was re-detained without first providing notice, a hearing, or an opportunity to challenge his detention. *Id*.

[1] The parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 3.

Petitioner filed the instant Petition pursuant to 28 U.S.C. § 2241 on July 6, 2026. Dkt. 1. On July 7, 2026, the Court entered a Scheduling Order, directing a response to the Petition by July 21, 2026, and a reply by July 27, 2026. Dkt. 2. On July 21, 2026, Respondents filed a Notice informing the Court that "Federal Respondents will not be filing a return." Dkt. 5.

In the Petition, Petitioner alleges Respondents violated constitutional guarantees of due process under the Fifth Amendment by re-detaining him without pre-deprivation notice and hearing. Dkt. 1 at 7–11. Having reviewed the Petition and relevant legal authority, and noting Respondents decision not to file a return, the Court agrees with Petitioner and **GRANTS** habeas relief for the following reasons.

## II. LEGAL STANDARD

Federal courts have authority to grant writs of habeas corpus to individuals in custody if such custody is in "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the federal government from depriving any person "of life, liberty, or property, without due process of law[.]" U.S. CONST. amend. V. Due process protections extend to all individuals within U.S. borders, including noncitizens, regardless of their immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

Procedural due process demands meaningful notice and a genuine opportunity to be heard before the federal government infringes upon a liberty interest. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Courts in the Ninth Circuit apply the *Mathews* balancing test in immigration detention cases, weighing: (1) the private interest affected; (2) the risk of erroneous deprivation under existing procedures and the value of additional safeguards; and (3) the Government's countervailing interest, including fiscal and administrative burdens. *Rodriguez Diaz v. Garland*,

53 F.4th 1189, 1206–07 (9th Cir. 2022); *see also E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1321 n.4 (W.D. Wash. 2025) (collecting cases).

## III. DISCUSSION

All three *Mathews* factors weigh in favor of Petitioner: (1) he has a protected liberty interest against re-detention within NWIPC following his prior release, (2) the absence of pre-deprivation procedures created an unacceptably high risk of erroneous deprivation, and (3) the governmental interest in Petitioner's re-detention without a hearing is minimal or non-existent.[2]

In so finding, the Court notes that, irrespective of whether re-detention was authorized or warranted, the Constitution guarantees notice and an opportunity to be heard before Petitioner can be removed from his family, home, employment, and community. Such disruptions to the life of this individual are constrained by the constitutional guarantee of providing a pre-deprivation notice and hearing required by application of the *Mathews* factors in this case. *See, e.g., P.T. v. Hermosillo*, No. 2:25-cv-02249-KKE, 2025 WL 3294988, at *4 (collecting cases); *G.S.*, 2026 WL 179962, at *3 (same). Indeed, these processes serve "as a crucial bulwark against the unfettered disregard of individual liberty interests." *Id.* at *3.

---

[2] The application of the *Mathews* factors to the case at bar is consistent with a high volume of similar cases within the District. *See, e.g.*, *E.A. T.-B.*, 795 F. Supp. 3d at 1321–24 (W.D. Wash. 2025); *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136–37 (W.D. Wash. 2025); *Kumar v. Wamsley*, No. 2:25-cv-01772-JHC-BAT, 2025 WL 2677089, at *3–4 (W.D. Wash. Sept. 17, 2025); *Ledesma Gonzalez v. Bostock*, No. 2:25-cv-01404-JNW-GJL, 2025 WL 2841574, at *7–9 (W.D. Wash. Oct. 7, 2025); *Francois v. Wamsley*, No. 25-cv-2122-RSM, 2025 WL 3496557, at *3–4 (W.D. Wash. Dec. 5, 2025); *A.C.J. v. Hermosillo*, No. 2:25-cv-02486-DGE, 2026 WL 73857, at *3–5 (W.D. Wash. Jan. 9, 2026); *Perez v. Hermosillo*, No. 25-cv-2542-RSM, 2026 WL 100735, at *6 (W.D. Wash. Jan. 14, 2026); *Yildirim v. Hermosillo*, No. 25-cv-2696-KKE, 2026 WL 111358, at *2–4 (W.D. Wash. Jan. 15, 2026); *G.S. v. Hermosillo*, No. 25-cv-2704-TSZ, 2026 WL 179962, at *3 (W.D. Wash. Jan. 22, 2026); *Torres v. Hermosillo*, No. 2:25-CV-02687-LK, 2026 WL 145715, at *6–8 (W.D. Wash. Jan. 20, 2026); *Shinwari v. Hermosillo*, No. 2:26-cv-00009-RAJ, 2026 WL 262605, at *3–4 (W.D. Wash. Jan. 30, 2026); *Arroyo Silva v. Hermosillo*, No. 2:26-cv-00179-GJL, 2026 WL 445003, at *4–6 (W.D. Wash. Feb. 17, 2026); *Singh v. Noem*, No. 2:26-cv-00403-GJL, 2026 WL 555397, at * 2–3 (W.D. Wash. Feb. 27, 2026) .

Accordingly, the Court finds that, in re-detaining Petitioner without prior notice and an opportunity to be heard, Respondents violated Petitioner's procedural due process rights. Petitioner is, therefore, entitled to habeas relief for these constitutional deprivations in the form of immediate release from custody.

## IV. REMEDY

Having determined that Petitioner is detained without being provided the process due to him, the Court now determines the appropriate remedy for his unlawful confinement. As relief, Petitioner seeks immediate release from custody and a permanent injunction prohibiting his re-detention without first receiving written notice and an opportunity to be heard on an individualized bond determination before a neutral decisionmaker. Dkt. 1 ¶¶ 69–75. In the alternative, he seeks a post-deprivation hearing before an immigration judge. *Id.* ¶ 76.

Habeas corpus relief is "at its core, an equitable remedy." *Schlup v. Delo*, 513 U.S. 298, 319 (1995). The equitable roots of habeas corpus are embodied by "the statutory command that the judge, after granting the writ and holding a hearing of appropriate scope, [shall] 'dispose of the matter as law and justice require.'" *Fay v. Noia*, 372 U.S. 391, 438 (quoting 28 U.S.C. § 2243). A habeas court is thus authorized to "fashion appropriate relief other than immediate release," *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973), in order to ensure an effective remedy for unlawful detention. *Cf. Roman v. Wolf*, 977 F.3d 935, 942 (9th Cir. 2020) ("Once a [constitutional] right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies.").

These equitable principles authorize courts not only to remedy unlawful detention through release, but also to craft forward-looking relief necessary to prevent recurrence of the

constitutional violation. Where a petitioner demonstrates a cognizable danger of repeated unlawful detention, permanent injunctive relief falls within the breadth and flexibility inherent in habeas equitable powers. *See Cummings v. Connell*, 316 F.3d 886, 897 (9th Cir. 2003) ("The necessary determination [for granting a permanent injunction] is that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive.") (quotations omitted).

In this case, the Petition alleges a clear pattern of re-detention without sufficient process by Respondents, demonstrating that Petitioner faces a continuing threat of constitutional harm throughout his removal proceedings. *See* Dkt. 1. Thus, where, as here, Petitioner is detained pursuant to constitutionally deficient process and faces a threat of future injury without the grant of injunctive relief, the Court finds an order of immediate release and a permanent injunction appropriate.[3] Accordingly, the Court **GRANTS** habeas relief as set forth in the conclusion below.

## V. CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

(1) Petitioner's habeas Petition (Dkt. 1) is **GRANTED**;

(2) Respondents **SHALL release** Petitioner from custody **within 24 hours** of the filing of this Order under his most recent conditions of release, if any;

(3) Respondents **SHALL NOT re-detain** Petitioner without advance written notice and a pre-detention hearing before a neutral decisionmaker; and

---

[3] This relief is consistent with relief fashioned by other courts in this District. *See, e.g.*, *Shinwari*, 2026 WL 262605, at *4 (ordering petitioners shall not be re-detained "unless and until" they are provided "with 10 days' written notice and a meaningful opportunity to be heard before an immigration judge to determine whether detention is appropriate."); *E.A. T.-B.*, 795 F. Supp. 3d at 1324 (ordering that petitioner "may not be re-detained until after an immigration court hearing is held (with adequate notice) to determine whether detention is appropriate"); *Francois,* 2025 WL 3063251 at *4 (ordering that petitioners "may not be re-detained until an immigration court hearing is held, with adequate notice, to determine whether detention is appropriate."); *but see Torres*, 2026 WL 145715, at *8 (denying permanent injunction where petitioner failed to allege facts demonstrating threat of future harm).

(4) Respondents **SHALL** file a certification **within 24 hours** of the issuance of this Order, confirming that the Petitioner has been released from custody and providing the date and time of his release.

Finally, the Court will entertain any post-judgment motion for attorney's fees, as requested in the Petition. Any fee petition must be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 29th day of July, 2026.

Grady J. Leupold
United States Magistrate Judge